UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY D. WILSON,

      Plaintiff,                      CIVIL ACTION NO. 15-cv-13436

      v.                                 DISTRICT JUDGE DAVID M. LAWSON

RPI MANAGEMENT, INC.,         MAGISTRATE JUDGE MONA K. MAJZOUB
BRYAN ZUCHOWICZ, JOY
PEDERSEN, and JOSEPH C. GILL,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court on oral motions to dismiss and for costs and attorney's fees made by Defendants RPI Management, Inc., Bryan Zuchowicz, and Joy Pedersen at a show cause hearing held by the undersigned on January 19, 2016 at 11:30 a.m., at which Plaintiff failed to appear. This matter has been referred to the undersigned for all pretrial purposes. (Docket no. 6.) The undersigned took Defendants' motions under advisement at the hearing and now issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

I.     RECOMMENDATION

It is recommended that the oral motion to dismiss made by Defendants RPI Management, Inc., Zuchowicz, and Pedersen be **GRANTED** and that their oral motion for costs and attorney's fees be **DENIED**. Accordingly, it is also recommended that Plaintiff's Request for Dismissal (docket no. 10) and Plaintiff's Motion to Withdraw his Request for Dismissal (docket no. 13) be **DENIED** as moot and that Plaintiff's Complaint be dismissed in its entirety with prejudice.

**II.     REPORT**

On September 29, 2015, Plaintiff filed his Complaint in this matter alleging violations of Title VII of the Civil Rights Act of 1964, the Fair Housing Act, the Americans with Disabilities Act, and the Eighth and Fourteenth Amendments of the United States Constitution in relation to his Section 8 housing accommodations.  (Docket no. 1.)  On October 27, 2015, Plaintiff filed a Request for Dismissal of his Complaint against Defendants Pedersen, Zuchowicz, and RPI Management, Inc.  (Docket no. 10.)  Plaintiff subsequently filed a Motion to Withdraw the aforementioned Request on November 2, 2015.  (Docket no. 13.)  These items are currently pending before the Court.

On November 5, 2015, the Court ordered the parties to appear for a scheduling conference to be held on November 19, 2015 at 1:45 p.m.  (Docket no. 18.)  The conference was subsequently re-noticed for December 8, 2015 at 2:15 p.m.  (Docket no. 19.)  Plaintiff failed to appear for the conference.  On December 9, 2015, the Court ordered Plaintiff to appear before the Court on January 19, 2016 at 11:30 a.m. to show cause as to why he should not be held in contempt of court for failing to appear at the scheduling conference.  (Docket no. 21.)  The Order warned Plaintiff that "[f]ailure to appear on January 19, 2016 may result in sanctions against the plaintiff including dismissal."  (*Id.*)  Plaintiff did not appear for the show cause hearing, and the Court has had no contact with Plaintiff, written or verbal, since that date.

At the show cause hearing, Defendants RPI Management, Inc., Zuchowicz, and Pedersen made an oral motion to dismiss this matter with prejudice for Plaintiff's failure to appear at the scheduling conference and at the show cause hearing, which was taken under advisement.  Rule 41(b) of the Federal Rules of Civil Procedure gives a court authority to dismiss a case on motion if "the plaintiff fails to prosecute or to comply with these rules or a court order...."  Fed. R. Civ.

P. 41(b). A dismissal under Rule 41(b) operates as an adjudication on the merits. (*Id.*) The court should consider the following factors before dismissing an action under Rule 41(b): "(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998).

Plaintiff did not appear for the December 8, 2015 scheduling conference or the January 19, 2016 show cause hearing, notwithstanding the Court's Orders. There is no indication that any of the notices or orders sent to Plaintiff's current address of record have been returned as undeliverable. The Court provided opportunities for Plaintiff to participate in this litigation, but he has failed to do so. Conversely, Defendants have continued to defend against this action, and they have been prejudiced by Plaintiff's failure to appear before this Court. Furthermore, this Court warned Plaintiff that his failure to comply with the Court's Order to Show Cause could result in Plaintiff being sanctioned, which sanctions could include dismissal of his case. Despite the Court's warning, Plaintiff failed to appear at the show cause hearing and has had no further contact with the Court. Given Plaintiff's failure to comply with this Court's Orders and his failure to participate in the prosecution of this action on more than one occasion, the undersigned recommends dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 41(b).

Defendants also made an oral motion at the show cause hearing for actual costs and attorney's fees "for [Plaintiff's] vexatious and frivolous complaint." In light of the recommendation for dismissal under Rule 41(b), the undersigned declines to undertake an

analysis of the content of Plaintiff's Complaint and will not recommend an additional sanction of costs and attorney's fees against Plaintiff.

For the reasons stated above, it is recommended that (1) Defendants' oral motion to dismiss be granted; (2) Defendants' oral motion for costs and attorney's fees be denied; (3) Plaintiff's Request for Dismissal (docket no. 10) and Plaintiff's Motion to Withdraw his Request for Dismissal (docket no. 13) be denied as moot; and (4) Plaintiff's Complaint be dismissed in its entirety with prejudice for failure to prosecute and for failure to comply with the Court's Orders under Rule 41(b).

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise

response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 19, 2016      s/ Mona K. Majzoub
                           MONA K. MAJZOUB
                           UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Terry D. Wilson and counsel of record on this date.

Dated: April 19, 2016      s/ Lisa C. Bartlett
                           Case Manager